UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO.:

DOMINGO LOZANO
and other similarly-situated individuals,

    Plaintiff(s),

v.

DATEREYBRU COMPANY, LLC
d/b/a ATA TRANSPORTATIONS,
and LAERCIO L. DE OLIVEIRA, individually

    Defendants,
_____/

# COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff DOMINGO LOZANO and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants DATEREYBRU COMPANY, LLC d/b/a ATA TRANSPORTATIONS, and LAERCIO L. DE OLIVEIRA, individually and alleges:

## JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for retaliation, unpaid regular and overtime wages, under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff DOMINGO LOZANO is a resident of Orlando, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant DATEREYBRU COMPANY, LLC d/b/a ATA TRANSPORTATIONS (hereinafter ATA TRANSPORTATIONS, or Defendant) is a Florida corporation, having

place of business in Kissimmee, Florida, where Plaintiff worked for Defendant. Defendant was and is engaged in interstate commerce.

4. The individual Defendant LAERCIO L. DE OLIVEIRA was and is now, the owner/officer and manager of ATA TRANSPORTATIONS. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Osceola County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff DOMINGO LOZANO as a collective action to recover from Defendants regular wages, overtime compensation, liquidated damages, retaliatory damages and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after July 2019, (the "material time") without being properly compensated.

7. Defendant ATA TRANSPORTATIONS is a transportation company dedicated to the local transportation of passengers between Red Coach bus stations and different hotels in the Orlando area. ATA TRANSPORTATIONS has place of business at 7952 Magnolia Bend CT, Kissimmee, FL 34747.

8. Defendants ATA TRANSPORTATIONS and LAERCIO L. DE OLIVEIRA employed Plaintiff DOMINGO LOZANO from Friday July 12, 2019, to August 2, 2019, or 3 weeks plus 2 days.

9. Plaintiff was hired as a non-exempted, full-time, hourly local driver with a wage rate of $10.00 an hour.

10. Plaintiff duties consisted of transporting passengers traveling from Miami, Fort Lauderdale, Tampa, West Palm Beach, and other cities within the state of Florida to Orlando, Florida. Plaintiff transported those passengers between the Red Coach bus station in Orlando and local hotels. Plaintiff performed his duties on a motor vehicle weighing less than 10,000 pounds.

11. During his employment with Defendants Plaintiff worked a regular schedule of 6 days per week from 4:00 PM to 2:00 AM (10 hours each day), or a total of 60 hours weekly. Plaintiff was unable to take bona-fide lunch periods.

12. Defendants did not use any time keeping device, but the owner and manager of the business LAERCIO L. DE OLIVEIRA, kept track of the hours worked by Plaintiff and other similarly situated employees.

13. Plaintiff worked more than 40 hours every week and he reasonably expected to be paid for all his working hours, after 2 weeks without payment, Plaintiff complained and requested to the owner of the business LAERCIO L. DE OLIVEIRA to be paid for his regular and overtime hours. LAERCIO L. DE OLIVEIRA promised that he would be paid soon.

14. Plaintiff continued working and or on about August 02, 2019, Plaintiff was expecting his payment, when he found out that there was not any payment check for him, Plaintiff one

more time requested LAERCIO L. DE OLIVEIRA his payment check covering 3 weeks of regular wages plus overtime hours.

15. After this last complaint, Defendants fired Plaintiff using a pretextual reason. Nevertheless, at the time of his termination, Defendants did not pay Plaintiff his overdue wages.

16. Therefore, Defendants willfully failed to pay Plaintiff regular wages at least at the minimum wage rate, and overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

17. Plaintiff DOMINGO LOZANO seeks to recover regular wages, overtime wages for every hour in excess of 40 that he worked in a workweek, liquidated damages, retaliatory damages, and any other relief as allowable by law.

18. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum and overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE: AGAINST ALL DEFENDANTS**

19. Plaintiff DOMINGO LOZANO re-adopts every factual allegation as stated in paragraphs 1-18 of this complaint as if set out in full herein.

20. This action is brought by Plaintiff DOMINGO LOZANO to recover from the Employers unpaid minimum wages, as well as an additional amount as liquidated damages, costs,

and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

   (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

   (B) $6.55 an hour, beginning 12 months after that 60th day; and

   (C) $7.25 an hour, beginning 24 months after that 60th day.

21. Defendant ATA TRANSPORTATIONS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a local transportation company and is engaged in interstate commerce within the meaning of the Fair Labor Standards Act. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce. Upon information and belief, the proportional annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

22. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

23. Defendants ATA TRANSPORTATIONS and LAERCIO L. DE OLIVEIRA employed Plaintiff DOMINGO LOZANO from Friday July 12, 2019, to August 2, 2019, or 3 weeks plus 2 days.

24. Plaintiff was hired as a non-exempted, full-time hourly local driver with a wage rate of $10.00 an hour.

25. Plaintiff duties consisted of transporting passengers traveling from Miami, Fort Lauderdale, Tampa, West Palm Beach, and other cities within the state of Florida to Orlando, Florida. Plaintiff transported those passengers between the Red Coach bus station in Orlando and local hotels. Plaintiff performed his duties on a motor vehicle weighing less than 10,000 pounds.

26. During his employment with Defendants Plaintiff worked a regular schedule of 6 days per week from 4:00 PM to 2:00 AM (10 hours each day), or a total of 60 hours weekly. Plaintiff was unable to take bona-fide lunch periods.

27. Plaintiff worked more a total of 3 weeks more than 40 hours every week, nevertheless Defendants did not pay Plaintiff for all his working hours. Defendants failed to pay Plaintiff for a substantial number of hours. Plaintiff was not paid at any rate, not even the minimum wage rate.

28. Defendants did not clock-in and out, but the owner and manager of the business LAERCIO L. DE OLIVEIRA, was able to track of the hours worked by Plaintiff and other similarly situated employees.

29. Therefore, Defendants willfully failed to pay Plaintiff minimum wages, in violation of the Fair Labor Standards Act. 29 U.S.C. §206 (a).

30. The records, if any, concerning the number of hours worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff.

31. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

32. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

33. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

34. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures are subjected to modification as discovery could dictate. After Defendants produce time and payment records, calculations will be modified accordingly.
*Florida minimum wage is higher than Federal minimum wage. As per FLSA regulations the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

   One Thousand Fifteen Dollars and 20/100 ($1,015.20)

   b. <u>Calculation of such wages</u>:

   Total weeks of employment: 3 weeks
   Total relevant unpaid weeks: 3 weeks
   Regular Wage: $10.00 an hour
   Total hours worked: 60 hours per week
   Florida Minimum wage 2019: $8.46

   $8.46 x 40 regular hours= $338.40 weekly x 3 weeks= $1,015.20

Nature of wages:

This amount represents unpaid minimum wages at Florida Min. wage rate.

35. Defendants ATA TRANSPORTATIONS and LAERCIO L. DE OLIVEIRA unlawfully failed to pay minimum wages to Plaintiff. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff these minimum wages since the commencement of Plaintiff employment with Defendants, and Plaintiff is entitled to recover double damages.

36. At the times mentioned, individual Defendant LAERCIO L. DE OLIVEIRA was and is now, the owner/officer and general manager of ATA TRANSPORTATIONS. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. LAERCIO L. DE OLIVEIRA acted directly in the interests of ATA TRANSPORTATIONS in relation to its employees including Plaintiff and others similarly situated. Defendant LAERCIO L. DE OLIVEIRA had financial and operational control of the business, determined working conditions of Plaintiff and other similarly situated individuals, and he is jointly and severally liable for Plaintiff's damages.

37. Defendants ATA TRANSPORTATIONS and LAERCIO L. DE OLIVEIRA willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages, as set forth above.

38. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff DOMINGO LOZANO respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants ATA TRANSPORTATIONS and LAERCIO L. DE OLIVEIRA, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff DOMINGO LOZANO and those similarly situated demand trial by jury of all issues triable as of right by jury.

### COUNT II:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME: AGAINST ALL DEFENDANTS

39. Plaintiff DOMINGO LOZANO re-adopts every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

40. This cause of action is brought by Plaintiff DOMINGO LOZANO as a collective action to recover from Defendants overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class")

and who worked in excess of forty (40) hours during one or more weeks on or after July 2019, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

41. Defendant ATA TRANSPORTATIONS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a local transportation company and is engaged in interstate commerce within the meaning of the Fair Labor Standards Act. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce. Upon information and belief, the proportional annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

42. Plaintiff and those similarly situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

43. Defendants ATA TRANSPORTATIONS and LAERCIO L. DE OLIVEIRA employed Plaintiff DOMINGO LOZANO from Friday July 12, 2019, to August 2, 2019, or 3 weeks plus 2 days.

44. Plaintiff was hired as a non-exempted, full-time hourly local driver with a wage rate of $10.00 an hour.

45. Plaintiff duties consisted of transporting passengers traveling from Miami, Fort Lauderdale, Tampa, West Palm Beach, and other cities within the state of Florida to Orlando, Florida. Plaintiff transported those passengers between the Red Coach bus

station in Orlando and local hotels. Plaintiff performed his duties on a motor vehicle weighing less than 10,000 pounds.

46. During his employment with Defendants Plaintiff worked a regular schedule of 6 days per week from 4:00 PM to 2:00 AM (10 hours each day), or a total of 60 hours weekly. Plaintiff was unable to take bona-fide lunch periods.

47. Plaintiff worked more than 40 hours every week, but Defendants did not pay Plaintiff for overtime hours.

48. Plaintiff did not clock in an out, however the owner of the business LAERCIO L. DE OLIVEIRA was able to track the hours worked by Plaintiff and other similarly situated individuals.

49. Therefore, Defendants willfully failed to pay Plaintiff overtime at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

50. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain time accurate records of hours worked by Plaintiff and other similarly situated employees.

51. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

52. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

53. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

54. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

   \* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

      Nine Hundred Dollars and 00/100 ($900.00)

   b. <u>Calculation of such wages</u>:

      Total number of weeks: 3 weeks
      Total number of relevant weeks: 3 weeks
      Total hours worked: 60 hours weekly
      Total overtime hours: 20 hours
      Total number of unpaid overtime hours: 20 O/T hours
      Regular rate: $10.00 x 1.5= $15.00

      O/T rate $15.00 x 20 O/T hours = $300.00 weekly x 3 weeks=$900.00

   c. <u>Nature of wages (e.g. overtime or straight time)</u>:

      This amount represents unpaid overtime wages.

55. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

56. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with

Defendants, and Plaintiff and those similarly-situated are entitled to recover double damages.

57. At the times mentioned, individual Defendant LAERCIO L. DE OLIVEIRA was and is now, the owner/officer and general manager of ATA TRANSPORTATIONS. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. LAERCIO L. DE OLIVEIRA acted directly in the interests of ATA TRANSPORTATIONS in relation to its employees including Plaintiff and others similarly situated. Defendant LAERCIO L. DE OLIVEIRA had financial and operational control of the business, determined working conditions of Plaintiff and other similarly situated individuals, and he is jointly and severally liable for Plaintiff's damages.

58. Defendants ATA TRANSPORTATIONS and LAERCIO L. DE OLIVEIRA willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

59. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DOMINGO LOZANO and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff DOMINGO LOZANO and other similarly situated individuals and against the Defendants ATA TRANSPORTATIONS and LAERCIO

    L. DE OLIVEIRA based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff DOMINGO LOZANO actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff DOMINGO LOZANO demands trial by jury of all issues triable as of right by jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

60. Plaintiff DOMINGO LOZANO re-adopts every factual allegation as stated in paragraphs 1-18 of this complaint as if set out in full herein.

61. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

62. Defendant ATA TRANSPORTATIONS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a local transportation company and is engaged in interstate commerce within the meaning of the Fair Labor Standards Act. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce. Upon information and

belief, the proportional annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

63. Plaintiff and those similarly situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

64. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

65. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

66. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…."

67. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

68. Defendants ATA TRANSPORTATIONS and LAERCIO L. DE OLIVEIRA employed Plaintiff DOMINGO LOZANO from Friday July 12, 2019, to August 2, 2019, or 3 weeks plus 2 days.

69. Plaintiff was hired as a non-exempted, full-time hourly local driver with a wage rate of $10.00 an hour.

70. During his employment with Defendants Plaintiff worked a regular schedule of 6 days per week from 4:00 PM to 2:00 AM (10 hours each day), or a total of 60 hours weekly.

71. Plaintiff worked more than 40 hours every week and he reasonably expected to be paid for all his working hours, after 2 weeks without payment, Plaintiff complained and requested to the owner of the business LAERCIO L. DE OLIVEIRA to be paid for his regular and overtime hours. LAERCIO L. DE OLIVEIRA promised that he would be paid soon.

72. On or about August 02, 2019, Plaintiff complained and requested LAERCIO L. DE OLIVEIRA his payment check covering 3 weeks of regular wages plus overtime hours one more time.

73. These complaints constituted protected activity under the Fair Labor Standards Act.

74. After this last complaint Defendants fired Plaintiff using a pretextual reason, nevertheless at the time of his termination Defendants did not pay Plaintiff his regular and overtime wages.

75. Defendants did not clock-in and out, but the owner and manager of the business LAERCIO L. DE OLIVEIRA, was able to track of the hours worked by Plaintiff and other similarly situated employees.

76. Therefore, Defendants willfully failed to pay Plaintiff regular wages at least at the minimum wage rate in violation of the Fair Labor Standards Act. 29 U.S.C. §206 (a), and overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

77. At all time during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

78. There is proximity between Plaintiff's last protected activity and his termination.

79. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

80. Plaintiff DOMINGO LOZANO seeks to recover minimum wages, overtime wages for every hour in excess of 40 that he worked, liquidated damages, retaliatory damages, and any other relief as allowable by law.

81. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DOMINGO LOZANO respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants ATA TRANSPORTATIONS and LAERCIO L. DE OLIVEIRA that Plaintiff recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants ATA TRANSPORTATIONS and LAERCIO L. DE OLIVEIRA to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff DOMINGO LOZANO further prays for such additional relief as the interests

of justice may require.

## JURY DEMAND

Plaintiff DOMINGO LOZANO demands trial by jury of all issues triable as of right by jury.

Dated:  September 12, 2019

                                Respectfully submitted,

                                By:  **/s/ Zandro E. Palma**
                                ZANDRO E. PALMA, P.A.
                                Florida Bar No.: 0024031
                                9100 S. Dadeland Blvd.
                                Suite 1500
                                Miami, FL 33156
                                Telephone: (305) 446-1500
                                Facsimile:  (305) 446-1502
                                zep@thepalmalawgroup.com
                                *Attorney for Plaintiff*