# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DOMINGO LOZANO,

      Plaintiff,

v.                                           Case No:   6:19-cv-1783-CEM-LRH

DATEREYBRU COMPANY, LLC and
LAERCIO L. DE OLIVEIRA

      Defendants.

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S SECOND RENEWED MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT DATEREYBRU COMPANY, LLC (Doc. No. 61)**
>
> **FILED:** September 22, 2021
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On September 12, 2019, Plaintiff Domingo Lozano filed a complaint against Defendants Datereybru Company, LLC d/b/a ATA Transportations and Laercio L. De Oliveira, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et*

*seq.* ("FLSA"). Doc. No 1.[1] The complaint alleges three claims for relief: (1) failure to pay minimum wage (Count I); (2) failure to pay overtime (Count II); and retaliatory discharge (Count III). *Id.*

According to the complaint, Plaintiff is a former employee of ATA Transportations; he worked for the company as an "hourly local driver" for three weeks and two days (July 12, 2019 through August 2, 2019). *Id.* ¶¶ 8–9. Plaintiff states that his duties consisted of "transporting passengers traveling from Miami, Fort Lauderdale, Tampa, West Palm Beach, and other cities within the state of Florida to Orlando, Florida. Plaintiff transported those passengers between the Red Coach bus station in Orlando and local hotels." *Id.* ¶ 10.

Datereybru Company a/k/a ATA Transportations is "a transportation company dedicated to the local transportation of passengers between Red Coach bus stations and different hotels in the Orlando area." *Id.* ¶ 7. Mr. De Oliveira is the owner/officer and manager of the business. *Id.* ¶ 4. Plaintiff seeks to recover from both Defendants regular wages, overtime compensation, liquidated damages, retaliatory damages, compensatory damages, back pay, a declaratory judgment, costs, and reasonable attorney's fees under the FLSA. *Id.* ¶ 6 & at 17.

---

[1] Although the complaint is styled as a putative collective action, no other persons have filed notices of consent to join, and no motion for class certification was ever filed.

Defendants originally appeared in this case through counsel. Doc. No. 9. On motion, defense counsel withdrew from representation. Doc. Nos. 28, 29. Therefore, the undersigned ordered Defendant Datereybru Company, LLC d/b/a ATA Transportations to cause an appearance of counsel to be filed on its behalf. Doc. Nos. 29, 32. Datereybru Company, LLC d/b/a ATA Transportations failed to do so, and the undersigned directed the Clerk of Court to enter default against it. Doc. No. 33. Clerk's default was entered accordingly on May 5, 2020. Doc. No. 34.[2] Mr. De Oliveira, however, proceeded *pro se*.

After Mr. De Oliveira failed to timely respond to certain discovery requests propounded by Plaintiff, on November 12, 2020, Plaintiff filed a Motion for Summary Judgment Based on Deemed Admissions. Doc. No. 39. Mr. De Oliveira did not respond to motion, and ultimately, summary judgment was entered in favor of Plaintiff and against Mr. De Oliveira. Doc. Nos. 43-45.

On May 18, 2021, Plaintiff filed a renewed motion for default judgment against Datereybru Company. Doc. Nos. 47, 48. Plaintiff also timely filed a motion for attorney's fees. Doc. Nos. 50, 51. Both the renewed motion for default

---

[2] Plaintiff thereafter filed a motion for default judgment against Datereybru Company. Doc. No. 36. The undersigned denied that motion without prejudice to refiling after Plaintiff's claims against Mr. De Oliveira were resolved because entering default against only Datereybru Company raised the possibility of inconsistent judgments. Doc. No. 37.

judgment (Doc. No. 47) and the motion for attorney's fees (Doc. No. 51) were referred to the undersigned. Defendants did not respond to those motions. *See* Local Rule 3.01(c). However, upon consideration, the undersigned denied both motions without prejudice for Plaintiff's failure to sufficiently demonstrate entitlement to the relief sought. Doc. No. 52.

Now before the Court is Plaintiff's renewed request for default judgment against Datereybru Company. Doc. No. 61. The motion was referred to the undersigned, and the matter is ripe for review. Upon consideration, the motion will be denied without prejudice because, as discussed herein, Plaintiff has not demonstrated that the allegations of the complaint are sufficient to establish coverage under the FLSA.

In order to be eligible for unpaid minimum wage or overtime under the FLSA, an employee must demonstrate that he or she is covered by the FLSA. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). An employee may establish coverage by demonstrating: (1) that he or she was engaged in commerce or in the production of goods for commerce (*i.e.*, individual coverage); or (2) that the employer was engaged in commerce or in the production of goods for commerce (*i.e.*, enterprise coverage). 29 U.S.C. § 207(a)(1); *Josendis*, 662 F.3d at 1298–99.

For an employee to demonstrate that he or she was "engaged in commerce" for purposes of individual coverage, he or she must:

> be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 C.F.R. §§ 776.23(d)(2), 776.24).

To demonstrate enterprise coverage, the employee must show that:

> (1) the employer has two or more employees regularly and recurrently engaged in commerce, or has two or more employees regularly and recurrently 'handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (2) the employer's annual gross volume of sales is $500,000 or more.

*De Lotta v. Dezenzo's Italian Rest., In.*, No. 6:08-cv-2033-Orl-22-KRS, 2009 WL 4349806, at *2 (M.D. Fla. Nov. 24, 2009) (citations omitted); *see* 29 U.S.C. § 203(s)(1). "District courts cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually." *Id.* (citing *Sandoval v. Fla. Paradise Lawn Maint., Inc.*, 303 F. App'x 802, 805 (11th Cir. 2008) ("[I]t is clear from the language of the statute that, for enterprise

coverage under the FLSA to apply, the enterprise must be engaged in commerce under the statute and must gross over $500,000 annually.")).

In the complaint, as to his job duties, Plaintiff alleges that he was employed as "an hourly local driver," and he would transport passengers traveling from Miami, Fort Lauderdale, West Palm Beach, and other cities "*within the state of Florida*" to Orlando, Florida.  Doc. No. 1 ¶ 9, 10 (emphasis added).  Plaintiff would transport those passengers between a bus station in Orlando and local hotels.  *Id.*  And as to coverage under the FLSA, Plaintiff alleges only as follows:

> Defendant ATA TRANSPORTATIONS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).  Defendant is a local transportation company and is engaged in interstate commerce within the meaning of the Fair Labor Standards Act.  Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce.  Upon information and belief, the proportional annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum.  Therefore, there is FLSA enterprise coverage.
>
> Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce.  Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce.  Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business.  Therefore, there is FLSA individual coverage.

*Id.* ¶¶ 21–22, 41–42.

Plaintiff's allegations, to the extent they are assertions of fact, demonstrate nothing more than work *within the state of Florida*, and Plaintiff has not cited any

- 6 -

legal authority demonstrating that such allegations are sufficient.  *See* Doc. No. 61. Moreover, Plaintiff's remaining allegations related to FLSA coverage, comprised mostly of legal conclusions, do not appear to adequately demonstrate that Plaintiff is covered by the FLSA.  *See, e.g.*, *Cloer v. Green Mountain Specialties Corp.*, 6:18-cv-999-Orl-40KRS, 2019 WL 568358, at *1 (M.D. Fla. Jan. 2, 2019) (finding conclusory allegations regarding individual and enterprise coverage insufficient and denying motion for default judgment); *Gonzalez v. Go Relax Travel, LLC*, No. 6:09-cv-573-Orl-28KRS, 2010 WL 11506953, at *3 (M.D. Fla. Nov. 3, 2010), *report and recommendation adopted*, 2010 WL 11506954 (M.D. Fla. Nov. 29, 2010) (concluding that similar allegations regarding individual and enterprise coverage were insufficient to support default judgment, including factual allegation that the plaintiff provided travel services *in Florida* alone); *De Lotta*, 2009 WL 4349806, at *3 (conclusory allegations of FLSA coverage were insufficient to support default judgment); *Ramos v. Diamond Drywall & Glass, LLC*, No. 2:12-cv-622-FtM-99DNF, 2013 WL 12388526, at *2–3 (M.D. Fla. May 7, 2013) (recommending denial of default judgment where the plaintiff failed to allege any facts to support the legal conclusion that he was engaged in commerce under the FLSA besides the fact that he installed drywall and glass in Florida, and other than a legal conclusion that the defendant was engaged in commerce, there was no factual support for enterprise coverage).  Without demonstrating that the complaint sufficiently alleges coverage under the FLSA,

Plaintiff's request for default judgment against Datereybru Company must be denied.  *See id.*[3]

Accordingly, Plaintiff's Second Renewed Motion for Default Judgment Against Defendant Datereybru Company, LLC (Doc. No. 61) is **DENIED without prejudice**.  In a renewed motion for default judgment against Datereybru Company, which shall be filed on or before **January 3, 2022**, Plaintiff must demonstrate, with citation to applicable legal authority, that the allegations of the complaint are sufficient to establish either individual or enterprise coverage under the FLSA.

Given that Plaintiff's motion will be denied for failure to establish coverage under the FLSA, the Court notes two additional issues with Plaintiff's motion.

---

[3] I note that the Court previously determined that Plaintiff established enterprise coverage as to Mr. De Oliveira.  Doc. Nos. 43, 44.  However, that determination was based on evidence, including Mr. De Oliveira's admissions, in the context of ruling on a motion for summary judgment brought under Federal Rule of Civil Procedure 56.  *See id.*  To the extent that Plaintiff now submits an affidavit in support of his motion for default judgment to demonstrate FLSA coverage, however, in the context of a motion for default judgment, Datereybru Company has not admitted to allegations outside of the complaint by virtue of its default, and therefore, the Court may not properly consider those allegations here.  *See, e.g.*, *Sabili v. Chase Hotel Mgmt., LLC*, No. 6:10-cv-807-Orl-31KRS, 2011 WL 940230, at *3 (M.D. Fla. Feb. 28, 2011) (court cannot consider affidavit on motion for default judgment in order to establish FLSA coverage), *report and recommendation adopted*, 2011 WL 940207 (M.D. Fla. Mar. 17, 2011); *Ramos*, 2013 WL 12388526, at *3 (affidavit cannot supplement liability allegations in complaint on motion for default judgment).  Plaintiff has not cited any authority to the contrary.  Nor does Plaintiff cite to any authority suggesting that the entry of judgment against the principal of the company can be imputed onto the company itself for default judgment purposes.

First, Plaintiff seeks to recover minimum wage on his FLSA claim using Florida's statutory minimum wage rate. *See* Doc. No. 61, at 13. However, the Court has previously declined to use the Florida statutory rate in this case, instead finding the federal minimum wage rate appropriate. *See* Doc. No. 43, at 9–10, Doc. No. 44. By the present motion, Plaintiff fails to address this discrepancy or provide any argument or legal authority supporting his request to recover the Florida statutory minimum wage rate on his FLSA minimum wage claim. *See* Doc. No. 61.

Second, by prior Order, the Court gave Plaintiff a date certain to file a motion for attorney's fees as it relates to summary judgment against Mr. De Oliveira. Doc. No. 44, at 3. Plaintiff timely filed that motion, Doc. Nos. 50–51, however, the motion was denied without prejudice for failure to provide sufficient evidence to support the award sought. *See* Doc. No. 52, at 7–8. Plaintiff has not refiled that motion, despite an Order to do so. *See id.* Instead, Plaintiff appears to be seeking an award of attorney's fees against both Defendants by the present motion for default judgment, without an explanation or legal authority demonstrating that would be permissible. *See* Doc. No. 61, at 16–17.

In a renewed motion, Plaintiff may also choose to address these two issues.

**DONE** and **ORDERED** in Orlando, Florida on December 16, 2021.

*Leslie R. Hoffman*
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties