## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

DOMINGO LOZANO,

                Plaintiff,

v.                                 Case No:   6:19-cv-1783-CEM-LHP

DATEREYBRU COMPANY, LLC and
LAERCIO   L. DE OLIVEIRA

                Defendants.

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **PLAINTIFF'S THIRD RENEWED MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT DATEREYBRU COMPANY, LLC (Doc. No. 66)**
>
> **FILED:**   **January 18, 2022**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

## I.   BACKGROUND.

On September 12, 2019, Plaintiff Domingo Lozano filed a complaint against

Defendants Datereybru Company, LLC d/b/a ATA Transportations and Laercio L.

De Oliveira, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").   Doc. No 1.[1]   The complaint alleges three claims for relief:   (1) failure to pay minimum wage (Count I); (2) failure to pay overtime (Count II); and retaliatory discharge (Count III).   *Id.*

According to the complaint, Plaintiff is a former employee of ATA Transportations; he worked for the company as a driver for three weeks and two days (July 12, 2019 through August 2, 2019).   *Id.* ¶¶ 8–9.   ATA Transportations is "a transportation company dedicated to the local transportation of passengers between Red Coach bus stations and different hotels in the Orlando area."   *Id.* ¶ 7. Mr. De Oliveira is the owner/officer and manager of ATA Transportations.   *Id.* ¶ 4.   During his employment, Plaintiff transported passengers "traveling from Miami, Fort Lauderdale, Tampa, West Palm Beach, and other cities within the state of Florida to Orlando Florida," and "Plaintiff transported those passengers between the Red Coach bus station in Orlando and local hotels."   *Id.* ¶ 10.   In the complaint, Plaintiff seeks to recover from both Defendants regular wages, overtime compensation, liquidated damages, retaliatory damages, compensatory damages,

---

[1] Although the complaint is styled as a putative collective action, no other persons have filed notices of consent to join, and no motion for certification of a collective action was ever filed.

back pay, a declaratory judgment, costs, and reasonable attorney's fees under the FLSA. *Id.* ¶ 6 & at 17.

Defendants originally appeared in this case through counsel. Doc. No. 9. On motion, defense counsel withdrew from representation. Doc. Nos. 28, 29. Therefore, the undersigned ordered Defendant Datereybru Company, LLC d/b/a ATA Transportations to cause an appearance of counsel to be filed on its behalf. Doc. Nos. 29, 32. Datereybru Company, LLC d/b/a ATA Transportations failed to do so, and the undersigned directed the Clerk of Court to enter default against it. Doc. No. 33. Default was entered accordingly on May 5, 2020. Doc. No. 34.[2] Mr. De Oliveira, however, proceeded *pro se*.

After Mr. De Oliveira failed to timely respond to certain discovery requests propounded by Plaintiff, on November 12, 2020, Plaintiff filed a Motion for Summary Judgment Based on Deemed Admissions. Doc. No. 39. Mr. De Oliveira did not respond to motion, and ultimately, summary judgment was entered in favor of Plaintiff and against Mr. De Oliveira. Doc. Nos. 43-45. Specifically, the Court awarded Plaintiff a total amount of $26,020.00 in damages as well as post-judgment

---

[2] On July 24, 2020, Plaintiff filed a motion for default judgment against Datereybru Company, LLC d/b/a ATA Transportations. Doc. No. 36. The undersigned denied that motion without prejudice to refiling after Plaintiff's claims against Mr. De Oliveira were resolved because entering default against only Datereybru Company, LLC d/b/a ATA Transportations raised the possibility of inconsistent judgments. Doc. No. 37. As discussed herein, Plaintiff's claims against Mr. De Oliveira have since been resolved. *See* Doc. Nos. 43–44.

interest and determined that Plaintiff was entitled to an award of attorney's fees against Mr. De Oliveira.   Doc. No. 44, at 2–3; Doc. No. 45.   Because the case has now been resolved against Mr. De Oliveira, this Report concerns Plaintiff's remaining claims against Datereybru Company.

On May 18, 2021, Plaintiff filed a renewed motion for default judgment against Datereybru Company, which was subsequently deemed timely.   Doc. Nos. 47, 48.   Plaintiff also timely filed a motion for attorney's fees.   Doc. Nos. 50, 51. Both the renewed motion for default judgment (Doc. No. 47) and the motion for attorney's fees (Doc. No. 51) were referred to the undersigned.   Defendants did not respond to those motions.   *See* Local Rule 3.01(c).   However, upon consideration, the undersigned denied both motions without prejudice for Plaintiff's failure to sufficiently demonstrate entitlement to the relief sought.   Doc. No. 52.

On September 22, 2021, Plaintiff filed a second renewed motion for default judgment against Datereybru Company.   Doc. No. 61.   Upon consideration, however, that request was again denied without prejudice for failure to adequately demonstrate entitlement to the requested relief.   Doc. No. 62.

Now before the Court is Plaintiff's third renewed request for default judgment against Datereybru Company.   Doc. No. 66.   With the motion, Plaintiff has included as exhibits:

- An Affidavit of Amount of Indebtedness of Plaintiff Domingo Lozano (Doc. No. 66-1);

- The Return of Service for Datereybru Company (Doc. No. 66-2);

- A declaration by Plaintiff's counsel (Doc. No. 66-3, at 1–5); and

- An invoice documenting attorney's fees and costs (Doc. No. 66-3, at 6–12).

Plaintiff's third renewed motion has been referred to the undersigned for issuance of a Report and Recommendation.   As of the writing of this Report and Recommendation, Datereybru Company has not responded to the renewed motion for default judgment (nor has Mr. De Oliveira), and the time for doing so has expired.   *See* Local Rule 3.01(c).   Accordingly, the matter is ripe for disposition.

## II.    LEGAL STANDARD.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry.   *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").[3]   Therefore, in considering a motion for default

---

[3] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to October 1, 1981.   *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

judgment, a court must "examine the sufficiency of plaintiff's allegations to determine whether plaintiff is entitled to" a default judgment.   *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

The Supreme Court has explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.   A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   This analysis applies equally to motions for default judgment.   *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009) (citations omitted).

If the plaintiff seeks damages, the plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought in the motion for default judgment.   *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). Unlike well-pleaded allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages to be awarded.   *Id.* (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)).   Therefore, in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters."   *Anheuser Busch, Inc. v. Philpot*,

317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of damages).   Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages.   *See Adolph Coors*, 777 F.2d at 1543–44.   However, no hearing is needed "when the district court already has a wealth of evidence . . . such that any additional evidence would be truly unnecessary to a fully informed determination of damages."   *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).   *See also Wallace*, 247 F.R.D. at 681 ("[A] hearing is not necessary if sufficient evidence is submitted to support the request for damages.").

**IV.   ANALYSIS.**

   A.   <u>Liability on the FLSA Overtime and Minimum Wage Claims (Counts I & II))</u>.

"The FLSA requires employers who meet its preconditions to pay workers a minimum wage and to provide overtime pay where workers exceed forty hours per week."   *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) (citing 29 U.S.C. §§ 206(a), 207(a)).   The overtime compensation required by law is "at least one and a half times [the employee's] regular wage for every hour worked in excess of forty per week."   *Bailey v. TitleMax of Ga., Inc.*, 776 F.3d 797, 800 (11th

Cir. 2015) (citing 29 U.S.C. § 207(a)(1)).   In addition, the FLSA requires employers to pay employees at least minimum wage for every hour worked in a given pay period.   *See* 29 U.S.C. § 215(a)(2).   "A plaintiff claiming unpaid wages under the FLSA must demonstrate the following: (1) the defendant employed the plaintiff; (2) the plaintiff engaged in interstate commerce or that the defendant is an enterprise engaged in interstate commerce; and (3) the defendant failed to pay the plaintiff a minimum wage or overtime compensation."   *Thompson v. Healthy Home Envtl., LLC*, No. 8:15-cv-2905-T-27JSS, 2016 WL 4472991, at *2 (M.D. Fla. July 27, 2016) (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)), *report and recommendation adopted*, 2016 WL 4473162 (M.D. Fla. Aug. 23, 2016).   Each of these elements will be addressed in turn.

> 1. *Employment.*

As defined by the FLSA and subject to certain exceptions not at issue here, an "employee" is "any individual employed by an employer."   29 U.S.C. § 203(e)(1). The statutory definition of "employer" encompasses both the employer for whom the employee directly works, as well as "any person acting directly or indirectly in the interest of an employer in relation to an employee."   *Id*. § 203(d).

The allegations of the complaint are sufficient to demonstrate that Plaintiff was an employee of Datereybru Company d/b/a ATA Transportations.   Plaintiff alleges that he was previously employed by Datereybru Company d/b/a ATA

Transportations in Florida.   Doc. No. 1 ¶¶ 3, 5, 7–8.   Defendants employed Plaintiff from July 12, 2019 through August 2, 2019, as a full-time, hourly local driver.   *Id.* ¶¶ 8–9.   Plaintiff was paid $10.00 per hour.   *Id.* ¶ 9.   Accepting these allegations as true, Plaintiff has sufficiently demonstrated that he was employed by Datereybru Company for purposes of the FLSA.

> 2. *Coverage.*

In order to be eligible for unpaid minimum wage or overtime under the FLSA, an employee must demonstrate that he or she is covered by the FLSA. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). An employee may establish coverage by demonstrating: (1) that he or she was engaged in commerce or in the production of goods for commerce (*i.e.*, individual coverage); or (2) that the employer was engaged in commerce or in the production of goods for commerce (*i.e.*, enterprise coverage).   29 U.S.C. § 207(a)(1); *Josendis*, 662 F.3d at 1298–99.

For an employee to demonstrate that he or she was "engaged in commerce" for purposes of individual coverage, he or she must:

> be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 C.F.R. §§ 776.23(d)(2), 776.24).

> To demonstrate enterprise coverage, the employee must show that:
>
> (1) the employer has two or more employees regularly and recurrently engaged in commerce, or has two or more employees regularly and recurrently 'handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (2) the employer's annual gross volume of sales is $500,000 or more.

*De Lotta*, 2009 WL 4349806, at *2 (citations omitted). *See* 29 U.S.C. § 203(s)(1). "District courts cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually." *Id.* (citing *Sandoval v. Fla. Paradise Lawn Maint., Inc.*, 303 F. App'x 802, 805 (11th Cir. 2008) ("[I]t is clear from the language of the statute that, for enterprise coverage under the FLSA to apply, the enterprise must be engaged in commerce under the statute and must gross over $500,000 annually.")).

In the complaint, Plaintiff alleges that ATA Transportations is a local transportation company transporting passengers between Red Coach bus stations and hotels in the Orlando area, that he was employed by Defendants as a driver, and he would transport passengers traveling from Miami, Fort Lauderdale, West Palm Beach, and other cities to Orlando, Florida. Doc. No. 1 ¶ 10. These allegations appear sufficient to demonstrate individual coverage under the FLSA.

*See Thorne*, 448 F.3d at 1266 (identifying "transportation or communication industry employees" (citing 29 C.F.R. §§ 776.23(d)(2), 776.24)).   *See also Alonso v. Garcia*, 147 F. App'x 815, 816 (11th Cir. 2005) (finding individual coverage for employee in transportation industry even though his duties required no transportation outside of Florida because the materials transported flowed in interstate commerce, noting that the "engaged in commerce" phrase "is to be given a broad, liberal construction.").[4]

If Plaintiff has sufficiently alleged individual coverage under the FLSA, the Court need not consider whether he has established enterprise coverage.   *See Taylor v. Premier Debt Sols., LLC*, No. 6:12-cv-519-Orl-22KRS, 2012 WL 4792641, at *3 (M.D. Fla. Sept. 20, 2012), *report and recommendation adopted*, 2012 WL 4792881 (M.D. Fla. Oct. 9, 2012).   However, in addition to the allegations regarding the nature of Defendants' business, I note that Plaintiff also alleges that Datereybru Company is a business engaged in interstate commerce under the FLSA; that Datereybru Company is a local transportation company engaged in interstate commerce; that Datereybru Company has more than two employees recurrently engaged in commerce; and that Defendants' gross revenue exceeded $500,000.00 per year.   *Id.* ¶ 21.   Plaintiff further alleges that during his employment, he and other similarly

---

[4] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

situated employees regularly engaged in interstate commerce by regularly handling and working on goods and materials that were moved across state lines during the course of business.   *Id.* ¶ 22.

Accepting Plaintiff's allegations as true, construing reasonable inferences therefrom, and absent any response from Datereybru Company, these allegations adequately allege enterprise coverage under the FLSA.   *See Kinne v. IMED Health Prod., LLC*, No. CV 18-62183-CIV, 2019 WL 2866787, at *3 (S.D. Fla. July 3, 2019) (and cases cited therein) (discussing that under the FLSA, a determination as to whether an enterprise is engaged in commerce is subject to reasonable inferences); *Charles v. Artistic Landscape Creations, Inc.*, No. 14-62740-CIV, 2015 WL 11201175, at *2 (S.D. Fla. Apr. 20, 2015) (finding it reasonable to infer on motion to dismiss that enterprise coverage existed where the plaintiff alleged that he was a driver of landscape vehicles).   *See also* Doc. Nos. 43–44.

### 3.   *Failure to Pay Overtime or Minimum Wage.*

Plaintiff alleges that Defendants failed to pay him for all hours worked during his employment.   Doc. No. 1 ¶ 16.   Specifically, Plaintiff alleges that he was employed by Datereybru Company from July 12, 2019 through August 2, 2019, and that during his employment, he worked a regular schedule of six (6) days per week, ten (10) hours each day, for a total of sixty (60) hours per week.   *Id.* ¶¶ 26, 43, 46. However, Datereybru Company failed to pay Plaintiff "at any rate, not even the

minimum wage rate."   *Id.* ¶ 27.   And Datereybru Company failed to pay Plaintiff for overtime.   *Id.* ¶¶ 47, 49.

Accepting these allegations as true, Plaintiff has sufficiently demonstrated that Datereybru Company failed to pay him minimum wages and overtime compensation due under the FLSA.   Accordingly, I recommend that the Court find that Plaintiff has established entitlement to default judgment as to Datereybru Company's liability for Plaintiff's FLSA minimum wage and overtime claims (Counts I & II).

B.   Liability on the FLSA Retaliation Claim (Count III).

In Count III of the complaint, Plaintiff alleges that after he complained to Defendant De Oliveira about not being paid for his regular and overtime hours on two separate occasions, Defendants fired Plaintiff from employment, using a pretextual reason, without paying him the unpaid minimum wages and overtime due.   Doc. No. 1 ¶¶ 71–74.

It is "unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter. . . ."   29 U.S.C. § 215(a)(3).   A plaintiff establishes a prima facie case of FLSA retaliation by establishing three elements: "(1) she engaged in activity protected under [the] act; (2) she subsequently suffered adverse action by the

employer; and (3) a causal connection existed between the employee's activity and the adverse action."   *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342–43 (11th Cir. 2000) (citation omitted).

By its default, Datereybru Company has admitted that Plaintiff complained to Mr. De Oliveira about Defendants' failure to compensate him for overtime hours worked and minimum wages due on at least two separate occasions, and that after his last complaint, Defendants terminated Plaintiff's employment based upon pretext, failing to pay him for his regular and overtime wages due.   Doc. No. 1 ¶¶ 71–74.   Based on these well pleaded allegations, default judgment on the FLSA retaliation claim is proper.   *See, e.g.*, *Payne v. Sec. & Crime Prevention Serv., Inc.*, No. 12-22032, 2013 WL 5446466, at *4 (S.D. Fla. Sept. 30, 2013) (finding default judgment on FLSA retaliation claim proper where the plaintiff made oral complaints to the defendants regarding unpaid wages and, as a result, was immediately taken off the work schedule without a legitimate reason and no longer allowed to work).

Accordingly, I recommend that the Court find that Plaintiff has established entitlement to default judgment as to Datereybru Company's liability on Plaintiff's FLSA retaliation claim (Count III).

C.   <u>Damages on FLSA Claims</u>.

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations related to damages are not deemed admitted and the Court must

determine the amount and character of damages to be awarded." *Glanzrock v. Patriot Roofing Indus., Inc.*, No. 8:07-cv-535-T-33MAP, 2009 WL 179634, at *2 (M.D. Fla. Jan. 26, 2009) (citing *Miller, Inc.*, 75 F. Supp. 2d at 1346).   "[D]amages may be awarded to a non-defaulting party as part of the default judgment only where 'the record adequately reflects the basis for the award.'"   *United States ex rel. Chabot v. D&G Disc. Homes, LLC*, No. 6:06-cv-1536-Orl-35KRS, 2011 WL 13202177, at *2 (M.D. Fla. June 16, 2011) (quoting *Adolph Coors*, 777 F.2d at 1544).

        *1.*    *Unpaid Minimum Wages and Overtime Compensation.*

Pursuant to the FLSA, an employer who violates the minimum wage or overtime provisions shall be liable to the employee affected in the amount of the employee's unpaid minimum wages and unpaid overtime compensation, and an additional equal amount as liquidated damages.   29 U.S.C. § 216(b).   Here, Datereybru Company has not presented any evidence of a good faith failure to pay Plaintiff overtime or the minimum wages alleged to be due.   When, as here, the employer allegedly failed to keep time records (Doc. No. 1 ¶¶ 30, 50), the plaintiff carries his burden by proving that he performed work for which he was improperly compensated and producing evidence to show the amount and extent of that work as a matter of just and reasonable inference.   *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1315 (11th Cir. 2013) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946)).   Such evidence may take the form of plaintiff's

affidavit. *Swisher v. Finishing Line, Inc.*, No. 6:07-cv-1542-Orl-28GJK, 2008 WL 4330318, at *2 (M.D. Fla. Sept. 22, 2008) (citing Fed. R. Civ. P. 55(b)); *see Adolph Coors*, 777 F.2d at 1544 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

With his motion for default judgment, Plaintiff submits an affidavit, in which he avers as follows regarding unpaid minimum wages:

**Minimum Wages**:  $1,015.20

. . . .

Calculation of such wages:

Total weeks of employment:   3 weeks
Total relevant unpaid weeks:   3 weeks
Regular wage:   $10.00 an hour
Total hours worked:   60 hours per week
Florida minimum wage 2019:   $8.46

$8.46 x 40 regular hours = $338.40 weekly x 3 weeks = $1,015.20

Doc. No. 66-1, at 3 ¶ 20.

Plaintiff also avers as follows with respect to unpaid overtime compensation:

**Overtime Wages**:   $900.00

. . . .

Calculation of such wages:

Total number of weeks:   3 weeks
Total number of relevant weeks:   3 weeks
Total hours worked:   60 hours weekly
Total overtime hours:   20 hours

Total number of unpaid overtime hours:   20 O/T hours
Regular rate:   $10.00 x 1.5 = $15.00

O/T rate $15.00 x 20 O/T hours = $300 weekly x 3 weeks = $900.00

*Id.* at 3–4 ¶ 21.[5]

I find Plaintiff's affidavit sufficient to establish the amount of damages sought against Datereybru Company, with one exception.   To the extent that Plaintiff seeks to recover minimum wages under the FLSA at a rate of $8.46 per hour, the 2019 Florida minimum wage, I recommend that such request be denied, and the Court limit Plaintiff's recovery to $7.25 per hour, the current federal minimum wage.   *See* 29 U.S.C. § 206(a)(1)(c) (establishing $7.25 per hour as federal minimum wage).   *See also Alvarado v. Robo Enters., Inc.*, No. 6:15-cv-1420-Orl-40KRS, 2016 WL 11566330, at *7 n.10 (M.D. Fla. Jan. 6, 2016) ("State minimum wage requirements are not incorporated into the FLSA's minimum wage law."), *report and recommendation adopted*, 2016 WL 11566331 (M.D. Fla. June 2, 2016); *Miller v. Asset Managing Grp., Inc.*, No. 3:11-cv-1016-J-34MCR, 2012 WL 13136857, at *8 & n.6 (M.D. Fla. June 21, 2012) (and cases cited therein), *report and recommendation adopted*, 2012 WL 13136856

---

[5] There is a discrepancy between what Plaintiff seeks in regard to damages via affidavit, versus the allegations of the complaint.   In the complaint, Plaintiff alleges that Defendants did not pay him for 3 weeks plus 2 days of work during his employment.   *E.g.*, Doc. No. 1 ¶¶ 23, 43, 68.   However, in his affidavit, he avers that Defendants failed to pay him only for three weeks of work.   Doc. No. 66-1 ¶¶ 5, 19.   Plaintiff does not explain this discrepancy.   Because Plaintiff bears the burden of establishing damages, *see Lamonica*, 711 F.3d at 1315, I have used the 3-week time period for all minimum wage and overtime damages calculations.

(M.D. Fla. Dec. 10, 2012).[6]   Accordingly, Plaintiff's unpaid minimum wages on Count I total $870.00 (3 weeks of employment; 40 hours per week; $7.25 per hour = $870.00), and his unpaid overtime on Count II totals $900.00 (overtime rate of $15.00 (1.5 times the regular hourly rate of $10.00) per hour x 20 hours of overtime per week = $300.00 weekly x 3 weeks = $900.00).   And Plaintiff is entitled to an equal amount of liquidated damages on his unpaid minimum wage and overtime claims, particularly given that Datereybru Company has raised no argument that it violated the FLSA in good faith.   *See* 29 U.S.C. § 216(b).

Accordingly, I will respectfully recommend that the Court grant Plaintiff's request for default judgment against Datereybru Company on Counts I and II of the complaint, and award Plaintiff a total of $1,740.00 on his minimum wage claim (Count I) and $1,800.00 on his overtime claim (Count II).[7]

---

[6]   I note that in granting summary judgment in Plaintiff's favor as to Mr. De Oliveira, the Court accepted my recommendation to award only the federal minimum wage rate, rather than the Florida minimum wage rate, on the minimum wage claim.   *See* Doc. No. 43, at 9–10; Doc. No. 44.

[7]   As discussed herein, the Court has already found that Datereybru Company's Co-Defendant, Mr. De Oliveira, is liable for same amount on Plaintiff's overtime and unpaid minimum wage claims asserted in the complaint.   *See* Doc. No. 44.   "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages."   *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir. 1986). Thus, because the Court's Order on this Report will resolve the claims against Datereybru Company that have already been resolved against Mr. De Oliveira, I will respectfully recommend that the award against Datereybru Company be imposed jointly and severally with the award against Mr. De Oliveira.   *See also Varela v. Innovative Wiring Sols., LLC*, No. 6:07-cv-165-Orl-28KRS, 2008 WL 11470889, at *1 (M.D. Fla. Oct. 24, 2008) ("[B]ecause

2.      *Retaliatory Discharge Damages.*

Plaintiff avers that after Defendants terminated his employment, he was unemployed for approximately one (1) week.   Doc. No. 66-1 ¶ 26.   Plaintiff thereafter started a new job, at which he was paid $360.00 per week.   *Id.* ¶ 27. However, on March 20, 2020, Plaintiff was laid off from his new employment due to COVID-19.   *Id.*   Plaintiff further states that for the three weeks he worked for Defendants, he worked a set schedule from 4:00 p.m. to 2:00 a.m. (10 hours each day) for 6 days a week, for a total of 60 hours each week, resulting in $700.00 per week salary.   *Id.* ¶ 13.   Plaintiff therefore seeks to be compensated $11,240.00 on his retaliation claim as follows:

> Total weeks of unemployment:   1 weeks
> Lost weekly:   $700 lost weekly
>
> 1. From August 2, 2019 to August 10, 2019 (1 week)
> $700.00 lost weekly x 1 week = $700.00
>
> 2. From August 10, 2019 to March 20, 2020 (31 weeks)
> New Job Earning $360.00 weekly
> Lost difference = $700.00 - $360.00 = $340.00 x 31 weeks = $10,540.00
>
> $700.00 (1) + $10,540.00 (2) = $11,240.00

Doc. No. 66-1, at 4–5 ¶ 28.

---

liability under the FLSA is joint and several, the better practice is to consider a motion for a final default judgment after the FLSA claims have been resolved as to all defendants.").

By its failure to appear in this case, Datereybru Company has failed to refute Plaintiffs' retaliation claim. And based on Plaintiff's averments, I recommend that the Court find that Plaintiff is entitled to compensation on his FLSA retaliation claim in the amount of $11,240.00. *See* 29 U.S.C. § 216(b) (rendering employer "liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of [the FLSA], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages"); *Persiyantseva v. Saint Petersburg Mkt., LLC*, No. 17-22177-CIV, 2018 WL 3730400, at *6 (S.D. Fla. May 3, 2018), *report and recommendation adopted*, 2018 WL 3730223 (S.D. Fla. May 25, 2018) (granting motion for default judgment and awarding back pay damages that included both minimum wage and overtime wages, calculated as the difference between what plaintiff would have made at former job versus what plaintiff made at new job). *See also Vaccara v. Custom Sounds, Inc.*, No. 3:08-cv-776-J-32JRK, 2010 WL 1223907, at *4 (M.D. Fla. Mar. 4, 2010) ("Courts have 'broad equitable powers' which can include 'awarding lost wages' for violations of the FLSA." (quoting *Brock v. Casey Truck Sales, Inc.*, 839 F.2d 872, 880 (2d Cir. 1988))).

In addition, absent any response from Datereybru Company, I recommend that the Court award Plaintiff an equal amount of liquidated damages ($11,240.00) on his retaliation claim, for a total award of $22,480.00. *See* 29 U.S.C. § 216(b) ("Any

employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation . . . the payment of wages lost and an additional equal amount as liquidated damages.").

    D.   <u>Attorney's Fees</u>.

    The FLSA authorizes an award of attorney's fees and costs to plaintiffs who prevail on a claim to enforce the provisions of the FLSA. *Glanzrock*, 2009 WL 179634, at *2 (citing 29 U.S.C. § 216(b)). Here, Plaintiff requested attorney's fees in the complaint, and he also requests attorney's fees in his motion for default judgment against Datereybru Company. Doc. No. 1, at 9; Doc. No. 66, at 20. Plaintiff also requests that the award of fees be imposed jointly and severally against both Defendants. Doc. No. 66, at 21–22. Because I recommend that default judgment be entered in Plaintiff's favor against Datereybru Company on all counts of the complaint, I further recommend that the Court find that Plaintiff is entitled to attorney's fees against Datereybru Company under the FLSA. *See* 29 U.S.C. § 216(b).[8]

---

[8] As discussed above, the Court has already determined that Plaintiff is entitled to an award of fees and costs against Mr. De Oliveira. *See* Doc. No. 44. Moreover, as suggested by the undersigned in my prior Order (Doc. No. 62, at 9), Plaintiff has now sufficiently explained why an award of fees should be made joint and several as to both Defendants. *See* Doc. No. 66, at 20-22.

As to the amount, in a declaration submitted in support of the second renewed motion for default judgment, counsel for Plaintiff avers that he has been a licensed attorney since 2006, and he practices primarily in the area of labor and employment law.   Doc. No. 66-3 ¶¶ 4, 6.   He avers that he spent 49.83 hours on this case, which was reasonable and necessary in light of this litigation.   *Id.* ¶¶ 11–12.   He states that prior to January 1, 2021, his hourly rate was $375.00 per hour, and after January 1, 2021, he bills $400.00 per hour for professional services rendered, which counsel believes is reasonable.   *Id.* ¶¶ 13, 15.   *See also* Doc. No. 66-3, at 6–11.

Upon consideration, absent any opposition from Defendants, and based on my own knowledge and expertise, *see Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (the court "is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."), I find both the hourly rate ($375.00 pre-January 1, 2021 and $400.00 post-January 1, 2021) and number of hours for which Plaintiff seeks recovery (49.83 hours) reasonable.   Accordingly, I will respectfully recommend that the Court award Plaintiff a total of $19,055.00 in attorney's fees under the FLSA.   *See* Doc. No. 66-3, at 6–11.   *See also Rismay v. Alterations by Lucy & Crisp & Clean Dry Cleaning & More, LLC*, No. 6:20-cv-1357-GAP-

EJK, 2022 WL 687125, at *2 (M.D. Fla. Feb. 18, 2022), *report and recommendation adopted*, 2022 WL 685662 (M.D. Fla. Mar. 8, 2022) (awarding $400.00 per hour in FLSA default judgment context for attorney with twenty years of experience based on the court's own expertise even absent independent evidence as to reasonableness); *Lopez v. City Buffet Inc*, No. 6:19-cv-1151-WWB-EJK, 2022 WL 783829, at *1 (M.D. Fla. Jan. 7, 2022), *report and recommendation adopted*, 2022 WL 218490 (M.D. Fla. Jan. 25, 2022) (awarding $400.00 per hour for fees in FLSA-default judgment context); *Thompson v. Made to Move Inc.*, No. 6:20-cv-1993-RBD-EJK, 2022 WL 797011, at *2 (M.D. Fla. Jan. 7, 2022), *report and recommendation adopted*, 2022 WL 797020 (M.D. Fla. Jan. 25, 2022) (awarding $375.00 per hour for fees in FLSA-default judgment context).   And I recommend that the attorney fee award be imposed jointly and severally against both Defendants.  *See generally Weil v. Vescovi*, No. 6:05-cv-319-Orl-22KRS, 2007 WL 1128967, at *2 (M.D. Fla. Apr. 16, 2007) (noting that joint and several liability is appropriate under the FLSA, including as to attorney's fees and costs, but finding that it is appropriate to avoid duplicate recovery against multiple defendants).

  E. <u>Costs</u>.

  The FLSA mandates that in any action brought by an employee to enforce Sections 206 or 207 of the Act, the Court shall "in addition to any judgment awarded to the plaintiff or plaintiffs, allow . . . costs of the action."   29 U.S.C. § 216(b).   In

FLSA cases, courts may award those costs permitted by 28 U.S.C. § 1920.   *See Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988) ("[N]othing in the legislative history associated with Section 216(b)'s passage suggests that Congress intended the term 'costs of the action' to differ from those costs as now enumerated in 28 U.S.C.A § 1920.").

Here, Plaintiff seeks to recover a total of $800.00 in costs, to include: (1) the $400.00 filing fee; (2) $150.00 for service of process; and (3) $250.00 in "copies and postage."   *See* Doc. No. 66-3, at 11.   Besides the $400.00 filing fee, however, which the docket in this case reflects was paid, *see* Doc. No. 1, Plaintiff fails to support his requested costs with any evidence in the form of invoices or the like, *see* Doc. No. 66.   Absent some support for those requested costs, I will respectfully recommend that the Court decline to award those remaining costs.   *See Villi Glas G.m.b.H. v. Everstone Pty. Ltd.*, No. 6:06-cv-420-Orl-31DAB, 2007 WL 2915913, at *2 (M.D. Fla. Oct. 5, 2007) (declining to award costs for service where no evidence was presented at to the reasonableness of the amount allegedly spent on service); *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1299 (M.D. Fla. 2000) ("To recover for photocopy expenses, a prevailing party must produce adequate documentation to show that the copies at issue were reasonably intended for use in the case." (citing *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000)).

Therefore, I will recommend that the Court award total costs of $400.00.   *See Family Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp*, No. 8:11-cv-217-T-30AEP, 2012 WL 6575348, at *1 (M.D. Fla. Dec. 17, 2012) ("Fees of the clerk and marshal include filing fees and are clearly taxable.").

F.   <u>Post- Judgment Interest</u>.

Plaintiff does not address whether the Court should award post-judgment interest under 28 U.S.C. § 1961, although he requested as much in relation to judgment against Mr. De Oliveira, which the Court awarded.   *See* Doc. Nos. 39, 43–44.[9]   Even absent an explicit request from Plaintiff, it appears that an award of post-judgment interest is appropriate, and I will respectfully recommend that the Court award same.   *See* 28 U.S.C. § 1961 (emphasis added) ("Interest *shall* be allowed on any money judgment in a civil case recovered in a district court.").   *See also Joy Pipe, USA, L.P. v. ISMT Ltd.*, 703 F. App'x 253, 258 (5th Cir. 2017) (citations omitted) ("[G]iven the unequivocal language of § 1961 (a), an award of post-judgment interest is not discretionary.").

**V.   RECOMMENDATION.**

For the reasons set forth above, I **RESPECTFULLY RECOMMEND** that the Court:

---

[9] The Court denied Plaintiff's request for pre-judgment interest.   *See* Doc. Nos. 43–44.

1. **GRANT in part** Plaintiff's Third Renewed Motion for Default Judgment Against Defendant Datereybru Company, LLC (Doc. No. 66).

2. **ENTER** default judgment in favor of Plaintiff and against Datereybru Company, LLC in the total amount of **$45,475.00**, allocated as follows:

   - $1,740.00 on the minimum wage claim (Count I), inclusive of liquidated damages

   - $1,800.00 on the overtime claim (Count II), inclusive of liquidated damages

   - $22,480.00 on the retaliation claim (Count III), inclusive of liquidated damages

   - $19,055.00 in attorney's fees

   - $400.00 in costs

3. **AWARD** post-judgment interest.

4. **ORDER** that the judgment against Datereybru Company, LLC be imposed joint and severally against Mr. De Oliveira.   *See also* Doc. No. 45.

5. **DENY** Plaintiff's Motion (Doc. No. 66) in all other respects.

6. **DIRECT** the Clerk of Court to issue a collective Final Judgment against both Defendants consistent with the Court's ruling on this Report and Recommendation as well as the Court's May 3, 2021 Order (Doc. No. 44) and May 4, 2021 Judgment (Doc. No. 45), and thereafter to close the file.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 7, 2022.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party